F. WALLACE DIPLOCK *vs.* JERRY F. BLASI ET AL.

Kennebec.      Opinion February 24, 1930.

*McLean, Fogg & Southard,* for plaintiff.
*Ralph W. Farris,* for defendants.

SITTING: DEASY, C. J., DUNN, STURGIS, BARNES, PATTANGALL, FARRINGTON, JJ.

BARNES, J. The action at bar is in assumpsit on account annexed.

The declaration alleges that plaintiff had advanced money for defendants, doing business as co-partners; had been repaid in part and had brought suit for the unpaid balance.

When the case came to trial in the Superior Court of Kennebec County, at the January term, 1929, the plea was the general issue, with denial of the existence of a partnership between the defendants.

Defendants also filed a motion for transfer of the case to the docket of the Supreme Court, invoking Section 19, Chapter 87 of the Revised Statutes; in their motion denying the existence of a partnership between the defendants, and alleging that at the time of advancing money and receiving sums in repayment thereof by plaintiff as set forth in the declaration a partnership existed between plaintiff and one of the defendants; that "the acts of said plaintiff were that of a partner, and is a matter of accounting, and that they have an equitable defense under the statute."

The motion the Judge apparently denied, and exceptions were allowed to defendants.

Trial was ordered, and defendants informed the Court that pend-

ing decision on their exceptions they were "present but not defending."

Plaintiff filed an affidavit, under Section 127, Chapter 87, Revised Statutes, and rested. The Court then ordered a default to be entered for the amount set forth in the affidavit, "subject to the right of the defendants to take exceptions to the ruling of the Court denying motion to transfer said cause to the docket of the Supreme Judicial Court."

Later in the same term, and before adjournment, defendants filed a motion that default be stricken off. This motion appears in the record, though not among the docket entries reported.

According to the record, judgment for plaintiff was ordered on the sixth day of the term, and on the same day the record reads, "Above entry off."

On the fourteenth day of the term the record shows another entry, as follows: "Transferred to docket of Supreme Judicial Court for reasons set forth in motion on file."

To this order of the Court exceptions were taken by the plaintiff and an issue presented to this court is upon the authority of the Superior Court to vacate his former order of default and transfer the action.

In *Toothaker* v. *Pennell*, 106 Me., 188, where after verdict defendant presented a motion to set aside the verdict and for leave to plead in equity, this court held: "Both the motion to set aside the verdict and to transfer the case from the Superior Court to the equity side of the Supreme Judicial Court were matters addressed to the discretion of the court and to his decision no exceptions lie."

It is argued that the Judge of the Superior Court could not vacate his order of default and transfer the action to the docket of the Supreme Judicial Court; but we hold that if before the final adjournment of a term in which he has issued such an order the Judge concludes the order made through error, he has the authority to retrace his steps and enter the requisite order on his docket.

For the promotion of justice and to avoid delay and the multiplication of suits, such action is discretionary with the court, and we find his action proper in this case.

Allegations in the brief statement, which was treated at trial as a motion to transfer the case, might have been more perspicuously

phrased, but in treating of pleadings criticized as incorrect it has been held: "It is not indispensable that the plaintiff should state his cause of action with syllogistical accuracy." *Holt* v. *Penobscot*, 56 Me., 15.

"To secure transfer, defendant must plead, by way of brief statement, matters of fact which if established will set up an equitable defense." *Turner* v. *Burnell*, 126 Me., 192.

We find in the brief statement in the case at bar enough, if established, to warrant transfer as prayed for.

Under the statute as our courts stood at the time of trial the truth of the allegations were to be established, if anywhere, in the Supreme Judicial Court.

*Exceptions overruled.*